UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EQUAL OPPORTUNITY EMPLOYMENT
COMMISSION,

                     Petitioner,

-against-

VISIONPRO NETWORKS, INC.,

                     Respondent.
-----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
24-MC-00356 (JMA) (JMW)

FILED
CLERK
10:54 am, Aug 20, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Petitioner Equal Opportunity Employment Commission commenced this action by filing a motion to compel enforcement of an administrative subpoena against Respondent VisionPro Networks, Inc. (ECF No. 1; see ECF Nos. 2, 13-14 (memoranda of law for the motion).) The Court presumes familiarity with the background of this case. Presently before the Court is the August 2, 2024, Report and Recommendation ("R&R") by Magistrate Judge James M. Wicks concerning (1) Petitioner's fully briefed motion and (2) Respondent's motion for the Court to either disregard certain successor liability arguments first raised in Petitioner's reply brief or allow Respondent to file a sur-reply to address successor liability. (ECF No. 18.) In the R&R, Judge Wicks recommended that the motions be decided as follows:

1. Petitioner's Motion to Compel (ECF No. 1) be (a) **granted** as to compliance with the subpoena requests for all New York and Connecticut facilities from October 1, 2020 through June 30, 2023 and (b) **denied** as to its request for costs to enforce the subpoena. Given that Romano is the only individual assisting in compiling the information, he shall have 60 days from the date of the determination of this Report & Recommendation to comply.

2. Respondent's Motion for Leave to File (ECF No. 15) be (a) **granted** as to disregarding claims of successor liability and (b) **denied** as to its request to file a sur-reply.

(ECF No. 18 at 26 (emphasis removed from citations).) No objections to the R&R have been filed; the time for doing so has expired. For the reasons stated below, the R&R is adopted in its entirety.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see FED. R. CIV. P. 72(b)(3) (similar). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Clear error lies only where, after examining the record, the Court is "left with the definite and firm conviction that a mistake has been committed." Cooper v. Harris, 581 U.S. 285, 309 (2017) (internal quotation marks omitted). Relatedly, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks omitted); see Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same).

The Court has reviewed the record and the unopposed R&R for clear error and, finding none, hereby adopts the R&R in its entirety as the opinion of the Court. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: August 20, 2024
 Central Islip, New York

(/s/ JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

2